UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARTHA GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-1184 |
| CANTON TOWNSHIP, FULTON COUNTY, ILLINOIS and STEVEN DERENZY, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION

This matter is now before the Court on a Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 19) filed by Defendant Canton Township, Fulton County, Illinois ("Township" or "Defendant"). For the reasons stated below, Defendant's Motion to Dismiss Count II is GRANTED.

## BACKGROUND

On February 21, 1988, the Township hired Plaintiff Martha Gray ("Plaintiff") to work in the Township Assessor's Office as a Deputy Assessor. (ECF No. 1 at ¶ 5). On or about August 6, 2018, Defendant Steven DeRenzy ("DeRenzy") hired a male employee, who was thirty-six years old, to work for the Assessor's Office as a Deputy Assessor. *Id.* at ¶ 7. Plaintiff and the new male hire allegedly have the same working conditions, the same job responsibilities, and exert the same amount of effort in assessing the value of Township properties. *Id.* at ¶¶ 9, 10. Plaintiff alleges that the new male hire earns a higher salary than she does, even though they conduct substantially equal work. *Id.* at ¶ 16. Plaintiff also states that she has greater skills and is certified, while the new male hire is taking classes to become certified. *Id.* at ¶ 11.

1

Plaintiff filed an action in this Court on June 3, 2019, claiming violations of the Equal Pay Act and 42 U.S.C. § 1983 ("§ 1983") against DeRenzy and the Township. *Id.* at 3–6. On August 16, 2019, the Township filed a Motion to Dismiss Count II. (ECF No. 19). This Opinion follows.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Id.*

## ANALYSIS

### I. *Monell* Claim

The Township claims that it cannot be held liable under § 1983 based solely under a theory that its employee, DeRenzy, is a tortfeasor. The Township states that Plaintiff has not alleged any facts that establish DeRenzy as a "lawmaker" or a "policy making official." (ECF No. 19 at ¶ 7). The Township further states that Plaintiff has not "alleged injuries that resulted from 'practices so

persistent and widespread as to practically have the force of law.'" *Id.* Plaintiff argues that the Complaint sufficiently alleges that through DeRenzy's ability to hire and determine wages for Plaintiff and the new male hire, a reasonable inference can be drawn that DeRenzy had final policymaking authority with respect to hiring, firing, and determining wages.

A plaintiff can hold governmental agencies or policymaking officials liable under § 1983 if she suffers from constitutional injuries as a result of an official policy, practice, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To prevail on a claim under *Monell*, a plaintiff must show that a municipal employee's unconstitutional act was caused by: "(1) an express [municipal] policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (citation omitted); *see also Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

When a particular course of action is directed by those who set municipal policy, the municipality is responsible under § 1983, even if the action in question is undertaken only once. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). However, "[t]he fact that a particular official - even a policymaking official - has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id.* at 481–82. Rather, such an official must also be responsible for establishing final government policy on a particular issue. *Id.* at 482–83. Officials with final decision-making authority are deemed policymakers for *Monell* purposes, and courts need to look to state law to determine the scope of

such authority. *See Pembaur*, 475 U.S. at 480; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 134 (1988); *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989).

Plaintiff contends that because DeRenzy made the decision to hire the new male employee and pay him more, *Monell* liability should apply against the Township; however, just because DeRenzy may be the decisionmaker on hiring decisions for the Assessor's Office does not necessarily make him the policymaker for the Township. It is a "well-established principle that the mere unreviewed discretion to make hiring and firing decisions does not amount to policymaking authority. There must be a delegation of authority to set policy for hiring and firing, not a delegation of only the final authority to hire and fire." *Kujawski v. Bd. of Comm'rs of Bartholomew Cty., Ind.,* 183 F.3d 734, 739 (7th Cir. 1999) (citing *Venters v. City of Delphi*, 123 F.3d 956, 966 (7th Cir. 1997)).

Here, there simply are not enough alleged facts for the Court to determine that the Township may be liable under a *Monell* claim. While the Township's mere two-page Motion to Dismiss provides no insight as to why DeRenzy should not be considered a final policymaker, Plaintiff's Complaint also does not allege that DeRenzy was a final policymaker. Plaintiff has requested the Court stretch the allegation that DeRenzy's ability to hire individuals infers that he has final policymaking authority. However, this ability does not necessarily make him the policymaker on those issues.

The only allegation that Plaintiff's Complaint offers is that "DeRenzy adopted an official policy or decision for the Assessor's Office to pay a male employee higher wages than a female employee..." (ECF No. 1 at ¶ 29). This reference includes a single instance. This stand-alone allegation does not sufficiently advance the theory that DeRenzy's purported unconstitutional act was caused by a larger Township policy, that it constituted a custom or usage with the force of

4

law, or that DeRenzy was a final policymaker. Moreover, while Plaintiff argues in her Response that the Complaint infers DeRenzy had final policymaking authority, she does not address whether her *Monell* theory is predicated on a policy, custom, or practice. Given the lack of allegations presented, the Court is unable to conclude that Plaintiff has plausibly alleged a *Monell* claim against the Township.

II.     **Specificity of Plaintiff's Complaint**

Although § 1983 complaints are not subject to heightened pleading standards, Plaintiff's Complaint is insufficient under the liberal system of "notice pleading." *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993). Under notice pleading, a plaintiff's "short plain statement of the claim" must notify the defendant of the grounds upon which the claim rests. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Some fact must be alleged to suggest that a specific municipal policy exists. *Strauss*, 760 F.2d at 768. Otherwise, boilerplate allegations could be used to advance a claim to discovery without any basis for establishing that a policy exists. *Id.* at 768; *see Bennett v. Holman,* 1995 WL 616817 (N.D. Ill. Oct. 17, 1995) (dismissing complaint for failing to identify municipal custom that caused injury). Allowing claims to proceed without some fact suggesting the existence of a municipal custom would be tantamount to allowing suits to be filed on a theory of *respondeat superior* that was rejected in *Monell*. *Strauss*, 760 F.2d at 768; *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

The court in *Strauss* cautioned, "[w]e do not mean to imply that a plaintiff must plead in greater detail," but merely a complaint must plead "some fact" tending to support the allegation that a municipal policy exists. *Strauss*, 760 F.2d at 769. In other words, some fact to suggest providing a basis for alleging the existence of municipal policy. *Id.* This jurisdiction has insisted

that plaintiffs plead some factual basis for the allegations. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); *Baxter*, 26 F.3d at 736.

Here, Plaintiff's Complaint fails to allege "some fact" that suggests a municipal policy exists. Plaintiff's Complaint offers no facts other than "DeRenzy adopted an official policy or decision for the Assessor's office..." (ECF No. 1 at ¶ 29). No alleged fact suggests that Township employees followed a widespread custom or policy of paying male employees higher than female employees. Further, no alleged fact suggests that DeRenzy had final policymaking authority. As stated above, the fact that DeRenzy has discretion in the hiring process does not necessarily give rise to municipal liability based on an exercise of that discretion alone.

In the absence of well-pleaded facts, Plaintiff fails to outline the grounds upon which the *Monell* claim rests. Therefore, Count II is dismissed without prejudice, and Plaintiff is given thirty days from the date of this Opinion to file an Amended Complaint addressing the deficiencies discussed above in good faith.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [19] is GRANTED. Count II against the Township is dismissed without prejudice, and Plaintiff is given thirty days from the date of this Opinion to file an Amended Complaint addressing the deficiencies identified above.

ENTERED this 24th day of October, 2019.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge